UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLAUDIA GREENWALD,<br><br>                Plaintiff,<br><br>v.<br><br>YAKIMA VALLEY COUNCIL ON ALCOHOLISM, doing business as Triumph Treatment Services; JIM BECKETT; and WALLY LEE,<br><br>                Defendants. | NO: 1:18-CV-3048-RMP<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |

    BEFORE THE COURT is a motion for entry of a stipulated proposed protective order to govern discovery in this action, which is likely to involve production of confidential, proprietary, or private information appropriate for limited disclosure. ECF No. 8.

    The parties acknowledge, and the Court agrees, that their stipulation is consistent with Federal Rule of Civil Procedure 26(c). ECF No. 8 at 2. The protective order language does not confer blanket protection on all disclosures or responses to discovery. The protection that the order affords from public disclosure

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 1

and use extends only to the limited information or items that are entitled to confidential treatment under the law, and it does not presumptively entitle parties to file confidential information under seal.

Having reviewed the protective order proposed by the parties, and having heard from counsel at the scheduling conference in this matter on August 20, 2018, the Court finds good cause to grant the motion and enter the stipulated protective order.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's unopposed motion, **ECF No. 8**, for entry of the "[Proposed] Stipulated Protective Order" is **GRANTED**. The protective order in effect is set forth below.

## **PROTECTIVE ORDER**

1. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

    (a)    Medical records and healthcare information;

    (b)    Personnel records of current or former employees;

    (c)    Salary, bonus, commission, and all other compensation or payroll data;

    (d)    Defendants' Patients/Clients' information;

    (e)    Social Security numbers; and

    (f)    Tax returns, 990s, and other tax-related information.

2.  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.3.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

3.1  Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

3.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party and their counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation;

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) witnesses or potential witnesses in the action to whom disclosure is reasonably necessary; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3.3. <u>Filing Confidential Material.</u> Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer

with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The parties shall follow the applicable rules of civil procedures in filing such motions or stipulations.

4. <u>DESIGNATING PROTECTED MATERIAL</u>

    4.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 5

4.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form:</u>  (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings). The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: The parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.   Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 6

portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

4.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

Any party or non-party may challenge a designation of confidentiality at any time. The parties shall follow the applicable rules of civil procedure in challenging confidentiality designations.

6. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

1 subpoena or order is subject to this agreement. Such notification shall

2 include a copy of this agreement; and

3 (c) cooperate with respect to all reasonable procedures sought to be

4 pursued by the designating party whose confidential material may be

5 affected.

6 7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production

without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

9. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 21, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 9